UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN T. BAILEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　Respondent. | No. 1:15-cv-00127-JLT (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |

In 2012, Petitioner pled no contest in the Kern County Superior Court to possession of PCP and admitted a prior 1996 felony conviction. He was sentenced to a determine state prison term of six years. In this action, Petitioner claims his defense counsel was ineffective in failing to conduct a reasonable pretrial investigation. He claims the conviction should be set aside. The Court disagrees and recommends the petition be **DENIED.**

**I.    PROCEDURAL HISTORY**

Petitioner is in custody of the California Department of Corrections and Rehabilitation serving a determinate six-year sentence pursuant to a judgment of the Superior Court of California, County of Kern, following his 2012 conviction for possession of PCP. (Lodged Doc. No. 1.) He also admitted one prior strike offense within the meaning of Cal. Penal Code § 667. (Lodged Doc. Nos. 1-4.)

Petitioner did not appeal his conviction. However, he filed habeas petitions in the Kern County Superior Court, California Court of Appeal, and California Supreme Court. The petitions were denied on the merits.

On January 16, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. No. 1). Respondent filed an answer on August 27, 2015. (Doc. No. 24). Petitioner filed a Traverse on November 25, 2015. (Doc. No. 32.)

## II.   FACTUAL BACKGROUND

The Court adopts the summary of facts in the Kern County Superior Court's denial of Petitioner's habeas petition[1]:

> Petitioner damaged [his ex-girlfriend's] vehicle when he became angry with his ex-girlfriend when she would not turn over his belongings to him.
>
> The owner of the vehicle, along with petitioner's ex-girlfriend, reported the damage, as well as a confidential informant who stated that petitioner was selling drugs from his residence. As a follow-up investigation, officers smelled the odor of marijuana and saw a tarp covering what appeared to be marijuana plants while peering over the fence. Officers executed a search warrant on October 31, 2013.
>
> When they knocked on the door, officers heard movement within the residence. They announced their presence several times. When no response was forthcoming, they forcibly entered and found petitioner flushing drugs down the toilet. They found marijuana and PCP residue on his hands and arms.
>
> A further search of the residence uncovered a scale; marijuana plants; a loaded firearm; and U.S. currency in bills and coins. Since petitioner was a convicted felon, he could not lawfully possess a firearm. Petitioner was arrested.

(Lodged Doc. No. 6.)

## III.   DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as

---

[1] The Kern County Superior Court's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the superior court's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

guaranteed by the United States Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B.    Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams, 529 U.S. at 405-406 (2000).

In Harrington v. Richter, 562 U.S. ___ , 131 S.Ct. 770 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Cullen v. Pinholster, 131 S.Ct. 1388, 1410-1411 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim

3

1  being presented in federal court was so lacking in justification that there was an error well
2  understood and comprehended in existing law beyond any possibility of fairminded
3  disagreement." Harrington, 131 S.Ct. at 787-788.

4  The second prong pertains to state court decisions based on factual findings. Davis v.
5  Woodford, 384 F.3d at 637, citing Miller-El v. Cockrell, 537 U.S. 322 (2003).  Under §
6  2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the
7  petitioner's claims "resulted in a decision that was based on an unreasonable determination of the
8  facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539
9  U.S. at 520; Jeffries v. Wood, 114 F.3d at 1500.  A state court's factual finding is unreasonable
10 when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Id.; see
11 Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert.denied, Maddox v. Taylor, 543
12 U.S. 1038 (2004).

13 To determine whether habeas relief is available under § 2254(d), the federal court looks to
14 the last reasoned state court decision as the basis of the state court's decision. See Ylst v.
15 Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.
16 2004).  "[A]lthough we independently review the record, we still defer to the state court's
17 ultimate decisions."  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

18 The prejudicial impact of any constitutional error is assessed by asking whether the error
19 had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v.
20 Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120
21 (2007)(holding that the Brecht standard applies whether or not the state court recognized the error
22 and reviewed it for harmlessness).

23 **IV.    REVIEW OF CLAIM**

24 Petitioner claims his defense counsel was ineffective in failing to conduct a reasonable
25 pretrial investigation.  He alleges he requested defense counsel to contact the security guard
26 assigned to the area to verify that his garage door had been forced open.  He requested pictures be
27 taken of his broken garage door.  He further requested defense counsel to obtain copies of
28 medical prescriptions which were posted in the front window by the front door.  Petitioner claims

1  defense counsel did none of these things.  Later, Petitioner requested defense counsel to obtain

2  alleged surveillance reports, the statement of the confidential informant, and all toxicology

3  reports.  Petitioner contends that defense counsel did not do any of the investigation Petitioner

4  had requested.

5        A.     Consequence of No Contest Plea

6       Respondent contends Petitioner's ineffective assistance of counsel claim is barred under

7  Tollett v. Henderson, 411 U.S. 258, 267 (1973), because Petitioner had pled no contest.

8  Respondent's argument is well-taken.

9       In Tollett, the Supreme Court stated:

10  [A] guilty plea represents a break in the chain of events which has preceded it in
11  the criminal process. When a criminal defendant has solemnly admitted in open
   court that he is in fact guilty of the offense with which he is charged, he may not
12  thereafter raise independent claims relating to the deprivation of constitutional
   rights that occurred prior to the entry of the guilty plea. He may only attack the
13  voluntary and intelligent character of the guilty plea by showing that the advice he
   received from counsel was not within the standards set forth in *McMann* [*v.
14  Richardson*, 397 U.S. 759, 771-74 (1970)].

15  Id.

16       Petitioner's only claim concerns defense counsel's actions prior to the entry of plea.

17  Petitioner does not challenge the voluntary and intelligent character of his plea.  Even if he did, he

18  does not show how defense counsel's pretrial investigation was so deficient that it rendered his

19  plea involuntary.  Therefore, Petitioner is barred from raising this claim.  Even if the Court were

20  to consider the claim, it would fail on the merits.

21       Effective assistance of counsel is guaranteed by the Due Process Clause of the Fourteenth

22  Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of

23  counsel are reviewed according to Strickland 's two-pronged test. Miller v. Keeney, 882 F.2d

24  1428, 1433 (9th Cir.1989).  To prevail, Petitioner must show two things. First, he must establish

25  that counsel's deficient performance fell below an objective standard of reasonableness under

26  prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second,

27  Petitioner must establish "that there is a reasonable probability that, but for counsel's errors, he

28  would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S.

52, 59 (1985).

Here, Petitioner fails to demonstrate that counsel's performance was deficient. Petitioner faults counsel for failing to conduct certain pretrial investigations, but he does not state what favorable evidence would have been discovered. Moreover, without a showing of what additional evidence would have been discovered, Petitioner cannot demonstrate any probability that he would have insisted on going to trial rather than plead guilty. Petitioner received a six-year determinate term, but he faced a possible thirty-one year term had he gone to trial. (Lodged Doc. No. 9 at 2.) As Respondent correctly notes, Petitioner was charged with seven counts involving firearm and gang activity. Because he accepted the plea agreement and pled to one count of possession of PCP, he was able to avoid six other counts and a lengthy prison term.

In his Traverse, Petitioner attempts to change the nature of his claim. Instead of alleging that defense counsel failed to conduct pretrial investigations, Petitioner claims that defense counsel failed to move to suppress evidence based on an illegal search. This constitutes a new claim of ineffective assistance, one that was not presented to the California Supreme Court. (Lodged Doc. No. 9 at p. 2.) Therefore, it is unexhausted. In any case, the claim is without merit since additional pretrial investigations would not have changed anything as it relates to a suppression motion. The Kern County Superior Court found that the search warrant was validly obtained, that the inculpatory evidence was strong, and that there was no reasonable basis for suppression of the evidence. (Lodged Doc. No. 6 at p. 2.) Therefore, any suppression motion would have been denied. Petitioner thus fails to demonstrate any prejudice as a result of counsel's alleged deficient performance in failing to move for suppression of the evidence.

In summary, Petitioner is barred from raising this claim in light of his guilty plea. Even if the claim were considered, Petitioner fails to demonstrate that defense counsel's performance was deficient, or that he would have insisted on going to trial had counsel performed as Petitioner wished. The claim must be DENIED.

**V.     CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**VI.    ORDER**

Based on the foregoing, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus (Doc. 1), is **DENIED** with prejudice on the merits;

2) The Clerk of Court is **DIRECTED** to enter judgment for Respondent and close the case; and

3) The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 22, 2016**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE